IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FRANCIS WOODROW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FISERV, INC.,<br><br>Defendant, | Case No.: 2:18-cv-1054<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Francis Woodrow ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief as follows:

**NATURE OF ACTION**

1. This case involves Fiserv, Inc. ("Fiserv" or "Defendant"), acting on behalf of various financial institutions and other entities, making automated calls and/or using pre-recorded messages to individuals who have no connection with Fiserv or the entities employing Fiserv, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. As described more fully below, Fiserv has violated the TCPA by making calls to Plaintiff and Class Members on their cellular telephones using an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1), without Plaintiff's and Class Members' prior express consent within the meaning of the TCPA.

3. Plaintiff brings this action for statutory damages and injunctive relief under the TCPA.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each violation of the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Fiserv because, on information and belief, the conduct at issue in the case occurred in the State of Wisconsin, the company is licensed to conduct business in the State of Wisconsin, and the company is headquartered in the State of Wisconsin. As such, Fiserv has purposefully availed itself of the resources and protection of the State of Wisconsin.

7. Venue is proper in the United States District Court for the Eastern District of Wisconsin because Fiserv is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Fiserv's contacts with this District are sufficient to subject it to personal jurisdiction, since it is headquartered in this District.

## PARTIES

8. Plaintiff Francis Woodrow is, and at all times mentioned herein was, an individual citizen of the State of Tennessee, who resides in Murfreesboro, Tennessee.

9. Defendant Fiserv, Inc. is a Wisconsin corporation with its principle place of business in Brookfield, Wisconsin, within this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automatic telephone dialing equipment, or "autodialers."

12. Specifically, the plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

- 3 -

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[3]

**FACTUAL ALLEGATIONS**

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. In August and September of 2017, Plaintiff received approximately 15 phone calls on his cellular telephone from telephone number 800-394-3755 (the "3755 Number").

18. On information and belief, Fiserv controls, utilizes and/or operates the 3755 Number to place prerecorded and/or automated calls to consumers in connection with its operations.

19. Of the calls, Plaintiff Woodrow received from the 3755 Number, he answered several of them. Each of the calls Plaintiff Woodrow answered involved a pre-recorded message. The message stated, in essence, "We have important information to speak to you about. Please call us between regular business hours…"

20. On information and belief, based on this volume of the calls within a relatively short time, combined with the fact that each of the calls which Plaintiff answered immediately triggered a pre-recorded message, the calls made to Plaintiff were made using an automated telephone dialing system ("ATDS").

---

[2] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).
[3] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65 (¶ 10) (2008) ("2008 FCC Declaratory Ruling").

21.     On September 18, 2017, for the sole purpose of getting the prerecorded calls to stop, Plaintiff called the 3755 Number.  During this call, a live agent informed Plaintiff that the calls were being made on behalf of Nationwide Bank, N.A.  The agent did not state why Fiserv was attempting to contact Plaintiff on behalf of Nationwide Bank, but she said she would remove his number from their system.

22.     On information and belief, the agent that Plaintiff spoke to on September 18, 2017 was an employee of Fiserv.

23.     On information and belief, Fiserv made the calls to Plaintiff in the belief it was reaching a Nationwide Bank customer.

24.     However, even after Plaintiff demand that the calls stop, Fiserv called Plaintiff multiple additional times, including on September 20, 2017 and yet again on September 22, 2017.

25.     Plaintiff does not, and has never had, any relationship with either Nationwide Bank or Fiserv.  And no point did Plaintiff provide his telephone number to either Fiserv or Nationwide Bank.

26.     Fiserv is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

27.     With regard to Plaintiff, Fiserv used a system that delivered pre-recorded messages from its own office, or hired a company that engages in the use of such a system on Fiserv's behalf.

28. Fiserv is directly liable for the calls to Plaintiff, and those similarly situated class members because it actively participated in every aspect of the autodialed and/or pre-recorded calls.

### CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23, as set forth below.

31. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States who received a prerecorded and/or automated call from Fiserv, where Fiserv was attempting to contact someone other than the Class Member.

Collectively, all these persons will be referred to as "Class Members."

32. Plaintiff is a member of, and will represent the interests of, the Class.

33. Excluded from the Class is Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

34. Plaintiff does not know the exact number of Class Members in either Class, but Plaintiff reasonably believes Class Members in each class number, at minimum, in the thousands.

35. Plaintiff and all Class Members have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the deletion of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim.

38. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39. Class Members can be identified through records maintained by Fiserv, its agents, and/or telephone carriers.

40. There are well-defined, nearly identical questions of law and fact affecting all parties.

41. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class Members.

42. Such common questions of law and fact include, but are not limited to, the following:

    a.    Whether Defendant used an automatic telephone dialing system in its non-emergency calls to Class Members' telephones.

    b.    Whether Defendant used an artificial or prerecorded voice in its non-emergency calls to Class Members' telephones.

c. Whether the Defendant can meet its burden of showing it obtained prior express consent (*i.e.*, written consent that is clearly and unmistakably stated), to make calls to the Class;

d. Whether the Defendant's conduct was knowing and/or willful;

e. Whether the Defendant is liable for statutory damages; and

f. Whether the Defendant should be enjoined from engaging in such conduct in the future.

43. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

44. Plaintiff has no interests which are antagonistic to any member of the Class.

45. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

46. A class action is the superior method for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### FIRST COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

47. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

48. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

49. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

## SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

51. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

52. The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each Class Member is entitled to treble damages of up to $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

54. Plaintiff and all Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members the following relief against the Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500 in statutory damages for each and every violation of the TCPA;

E. An award of attorneys' fees and costs to counsel for Plaintiff and the Class as permitted by law;

F. An order certifying this action to be a class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G. Such other relief as the Court deems just and proper.

Dated:  July 10, 2018               By:   /s/   *Michael J. Boyle, Jr.*
                                           Michael J. Boyle, Jr.

MEYER WILSON CO., LPA
Michael J. Boyle, Jr.(admitted to the bar of the Court)
Email:  mboyle@meyerwilson.com
Matthew R. Wilson (admitted to the bar of the Court)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

BURKE LAW OFFICES, LLC
Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch (*pro hac vice* to be filed)
Email: dmarovitch@burkelawllc.com
155 N. Michigan Avenue, Suite 9020
Chicago, IL  60601
Telephone:  (312) 729-5288
Facsimile:   (312) 729-5289


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (*pro hac vice* to be filed)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

- 11 -

BRODERICK & PARONICH, P.C.
Edward A. Broderick (*pro hac vice* to be filed)
ted@broderick-law.com
Anthony Paronich (*pro hac vice* to be filed)
anthony@broderick-law.com
125 Summer St., Suite 1030
Boston, MA 02360
Telephone: (508) 221-1510

LAW OFFICE OF MATTHEW MCCUE
Matthew McCue (*pro hac vice* to be filed)
Email: mmccue@massattorneys.net
1 South Ave, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415

THE LAW OFFICE OF STEFAN COLEMAN, P.A.
Stefan Coleman (*pro hac vice* to be filed)
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8248
Email: Law@stefancoleman.com

*Attorneys for Plaintiff and the Proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: July 10, 2018

By: /s/ Michael J. Boyle, Jr.
Michael J. Boyle, Jr.

MEYER WILSON CO., LPA
Michael J. Boyle, Jr.(admitted to the bar of the Court)
Email: mboyle@meyerwilson.com
Matthew R. Wilson (admitted to the bar of the Court)
Email: mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff and the Proposed Class*

- 13 -