# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANCIS WOODROW, individually and
on behalf of all others similarly situated,

              Plaintiff,

      v.

SAGENT AUTO, LLC D/B/A SAGENT
LENDING TECHNOLOGIES,

           Defendant.

Case No.: 2:18-cv-1054

**Judge J.P. Stadtmueller**

**Magistrate Judge William E. Duffin**

# PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT CLASS NOTICE IN CONNECTION WITH THE PROPOSED CLASS ACTION SETTLEMENT

1705723.1

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    BACKGROUND AND SUMMARY OF THE PROPOSED SETTLEMENT ................ 1

       A.    This Case Has Been Intensively Litigated. ........................................... 1

       B.    The Proposed Settlement Resulted from Arm's-Length Negotiations
             Before a Highly Experienced and Respected Mediator. ....................... 2

       C.    The Settlement Provides Appropriate Relief to Settlement Class Members. ........ 3

             1.     The Settlement Class............................................................ 3

             2.     Prospective Relief for Settlement Class Members.................... 3

             3.     Monetary Relief for Settlement Class Members....................... 4

             4.     Class Release ..................................................................... 4

             5.     Settlement Administration and Class Notice ........................... 5

             6.     Attorneys' Fees and Costs ................................................... 5

ARGUMENT ........................................................................................................ 6

I.     THE SETTLEMENT WILL LIKELY BE APPROVED AS FAIR,
       REASONABLE, AND ADEQUATE UNDER RULE 23(e)(2) ..................................... 6

       A.    The Amendments to Rule 23 Reinforce Longstanding Practice in This
             Circuit Regarding a Court's Role in Initially Evaluating a Proposed
             Settlement. ...................................................................................... 6

       B.    The "Procedural" Aspects of the Settlement Satisfy Rule 23(e). .......... 7

       C.    The Settlement's Terms Will Likely Be Found Adequate.................... 8

             1.     The Settlement provides substantial relief, especially in light of the
                    costs, risks, and delay of further litigation................................ 9

             2.     The Settlement is an effective and equitable means of distributing
                    relief to the Settlement Class. ............................................ 11

             3.     The anticipated request for attorneys' fees poses no hurdle to
                    finding the Settlement adequate............................................ 11

             4.     Plaintiff has identified all agreements made in connection with the
                    Settlement. .................................................................... 12

II.    THE PROPOSED SETTLEMENT CLASS WILL LIKELY BE CERTIFIED ............. 12

       A.    Each of Rule 23(a)'s Prerequisites Will Be Satisfied. ....................... 13

             1.     The proposed Settlement Class is sufficiently numerous. ....... 13

2.    Questions of law and fact are common to Settlement Class Members. ................................................................................ 13

3.    The proposed Settlement Class representatives' claims are typical. ....... 14

4.    The proposed Settlement Class representatives and Class Counsel will fairly and adequately protect the Settlement Class's interests.......... 14

B.    Rule 23(b)(3)'s Predominance and Superiority Requirements Will Be Satisfied.................................................................................... 14

1.    Common issues predominate over any individual ones.......................... 15

2.    A class action is superior to thousands of individual actions. ................ 15

III.    THE PROPOSED FORMS AND MANNER OF NOTICE COMPLY WITH RULE 23 AND DUE PROCESS ................................................................. 15

A.    The Proposed Combination of Individual Mailed Notice and a Settlement Website Is Reasonably Directed to Apprising Settlement Class Members of Their Rights. .............................................................. 16

B.    The Proposed Notice Clearly and Concisely Informs Settlement Class Members About the Settlement's Terms and Their Rights. ............................... 16

CONCLUSION................................................................................................... 17

1705723.1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aliano v. Joe Caputo & Sons - Algonquin, Inc.*,
No. 09 C 910, 2011 U.S. Dist. LEXIS 48323 (N.D. Ill. May 5, 2011) .................................... 10

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ........................................................................................................ 12

*American Int'l Group, Inc. v. ACE INA Holdings, Inc.*,
No. 07 C 2898, 2011 U.S. Dist. LEXIS 84219 (N.D. Ill. July 26, 2011) .................................. 6

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
568 U.S. 455 (2013) ........................................................................................................ 13

*Balschmiter v. TD Auto Finance, LLC*,
303 F.R.D. 508 (E.D. Wisc. 2014) .................................................................................... 10

*Butler v. Sears, Roebuck & Co.*,
727 F.3d 796 (7th Cir. 2013) ........................................................................................... 15

*Chapman v. First Index, Inc.*,
No. 09 C 5555, 2014 U.S. Dist. LEXIS 27556 (N.D. Ill. March 4, 2014) ............................. 10

*Edwards v. N. Am. Power & Gas, LLC*,
2018 WL 3715273 (D. Conn. Aug. 3, 2018) ...................................................................... 16

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
301 F.R.D. 116 (S.D.N.Y. 2014) ...................................................................................... 13

*G.M. Sign, Inc. v. Finish Thompson, Inc.*,
No. 07 C 5953, 2009 U.S. Dist. LEXIS 73869 (N.D. Ill. Aug. 20, 2009) ............................... 13

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) ......................................................................................... 8

*In re Capital One TCPA Litig.*,
80 F. Supp. 3d 781 (N.D. Ill. 2015) ............................................................................... 9, 12

*In re Nissan Motor Corp. Antitrust Litig.*,
552 F.2d 1088 (5th Cir. 1977) .......................................................................................... 16

*Kessler v. Am. Resorts International's Holiday Network, Ltd.*,
Nos. 05 C 5944 & 07 C 2439, 2007 U.S. Dist. LEXIS 84450 (N.D. Ill. Nov. 14, 2007).......... 7

*Kolinek v. Walgreen Co.*,
311 F.R.D. 483 (N.D. Ill. 2015) ..................................................................................... 9, 12

*McCabe v. Crawford & Co.*,
210 F.R.D. 631 (N.D. Ill. 2002) ........................................................................................ 13

*McKinnie v. JP Morgan Chase Bank, N.A.*,
678 F. Supp. 2d 806 (E.D. Wis. 2009) ................................................................................ 8

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)............................................................................................ 17

*Mullins v. Direct Digital, LLC,*
    795 F.3d 654 (7th Cir. 2015) ............................................................................ 10

*Murray v. New Cingular Wireless Servs.*,
    232 F.R.D. 295 (N.D. Ill. 2005)........................................................................ 15

*Parker v. Risk Mgmt. Alternatives, Inc.*,
    206 F.R.D. 211 (N.D. Ill. 2002)................................................................. 13, 14

*Phillips Randolph Enters., LLC v. Rice Fields*,
    No. 06 C 4968, 2007 U.S. Dist. LEXIS 3027 (N.D. Ill. Jan. 11, 2007) ................... 11

*Sadowski v. Med1 Online, LLC*,
    No. 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill. May 27, 2008) ............... 15

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006) .............................................................................. 8

*Upshaw, et al. v. Nationwide Mutual Ins. Co.*,
    Case No. 2:17-cv-01013-EAS-CMV (S. D. Ohio) ................................................ 2

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) ........................................................................ 15, 16

### RULES

Fed. R. Civ. P. 23(c)(2)(B) ......................................................................... 16, 17

Fed. R. Civ. P. 23(e)(1)........................................................................................... 1

Fed. R. Civ. P. 23(e)(1)(B) .................................................................................... 6

Fed. R. Civ. P. 23(e)(2)...................................................................................... 1, 7

Fed. R. Civ. P. 23(e)(2)(C)(ii) .............................................................................. 11

Fed. R. Civ. P. 23(e)(2)(C)(iii) ............................................................................. 11

Fed. R. Civ. P. 23(e)(2)(D) ................................................................................... 11

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................... 14

### OTHER AUTHORITIES

Fed. R. Civ. P. 23(e)(2) advisory committee's note .................................................. 7

Fed. R. Civ. P. 23(e)(2)(A) & (B) advisory committee's note ................................... 7

Fed. R. Civ. P. 23(e)(2)(C) & (D) advisory committee's note ................................... 11

# I. <u>INTRODUCTION</u>

Plaintiff Francis Woodrow is pleased to present to the Court a proposed class action settlement with Defendant Sagent Auto, LLC d/b/a Sagent Lending Technologies ("Defedant").[1] Federal Rule of Civil Procedure 23, as recently amended in December 2018, provides that at this initial stage of the Settlement-approval process, notice should issue if the Court determines it "will likely be able to" (1) approve the proposed Settlement, based on whether the proposed Settlement Class representatives and proposed Class Counsel "have adequately represented the class," and whether the Settlement "was negotiated at arm's length," provides "adequate" relief for the Settlement Class, and treats Settlement Class Members "equitably relative to each other"; and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1) & (2). The record adduced during discovery, as well as the procedural and substantive aspects of the Settlement, satisfy those requirements.

Plaintiff therefore respectfully requests that the Court enter an order (1) directing that notice be provided to Settlement Class Members; (2) appointing Plaintiff as representatives of the proposed Settlement Class for purposes of disseminating notice; (3) appointing Plaintiff's counsel as counsel for the proposed Settlement Class; (4) authorizing the retention of KCC as Settlement Administrator; and (5) scheduling a hearing to determine whether the Settlement is fair, reasonable, and adequate under Rule 23(e)(2) and whether the Settlement Class should be certified ("Final Approval Hearing").

# II. <u>BACKGROUND AND SUMMARY OF THE PROPOSED SETTLEMENT</u>

## A. **This Case Has Been Intensively Litigated.**

Plaintiff Francis Woodrow originally joined an action on February 27, 2018, against

---

[1] At the time the parties reached a settlement, this case was pending against Fiserv Automotive Solutions, LLC ("Fiserv") which is now known as Sagent Auto Technologies, LLC.

Nationwide Bank. *Upshaw, et al. v. Nationwide Mutual Ins. Co.*, Case No. 2:17-cv-01013-EAS-CMV (S. D. Ohio). Through discovery in that action, Plaintiff learned that a Fiserv entity made the calls at issue. Declaration of Mathew McCue, at ¶ 6. Plaintiff also obtained key formal and informal discovery regarding the calls to Plaintiff, the calling system in place, and Defendant's and Nationwide Bank's call records. *Id.* at ¶ 7.

On July 10, 2018, Plaintiff filed this action. The Court set trial for less than one year thereafter on June 24, 2019. Dkt. 13.

On September 10, 2018, Plaintiff served a comprehensive set of discovery requests, including 24 document requests and 18 interrogatories. McCue Decl., at ¶ 11.

On November 5, 2018, Plaintiff subpoenaed his phone records after his cell phone provider declined to provide them voluntarily. McCue Decl., at ¶ 12. On February 22, 2019, Plaintiff produced 194 pages of records. *Id.* at ¶ 16.

After entry of a Protective Order on December 12, 2018 (Dkt. 21), Defendant began a rolling production of documents totaling approximately 8,209 pages. McCue Decl., at ¶ 14. On January 23, 2018, Plaintiff deposed two Rule 30(b)(6) witnesses of Defendant. *Id.* at ¶ 15.

Plaintiff retained two experts and was in the process of preparing to file a motion for class certification on April 3, 2019. McCue Decl., at ¶ 19; *see also* Dkt. 22.

For its part, Defendant also litigated this matter extensively. As fact discovery drew to a close, Defendant filed a motion for partial summary judgment on March 1, 2019, which included a twenty-four page declaration from its expert witness. McCue Decl., at ¶ 17. On March 7, 2019, Defendant deposed Plaintiff. *Id.* at ¶ 18.

**B.** **The Proposed Settlement Resulted from Arm's-Length Negotiations Before a Highly Experienced and Respected Mediator.**

After significant discovery and while Defendant's motion for partial summary judgment

was pending, the parties participated in a mediation. They engaged the Honorable Morton Denlow (ret.) of JAMS in Chicago, Illinois, an experienced and well-respected mediator. McCue Decl., at ¶ 21. The parties held a pre-mediation conference call with Judge Denlow on February 13, 2019, in which they discussed, among other things, a voluntary exchange of information to facilitate class settlement negotiations. *Id.* at ¶ 22. On March 12, 2019, the parties met for an in-person mediation session with Judge Denlow. *Id.* at ¶ 23. After a full day of arms-length negotiations, the parties accepted a mediator's proposal and signed a term sheet setting forth the material terms of their agreement. *Id.* at ¶ 24. The parties thereafter proceeded to negotiate the terms of the Settlement Agreement, which was fully executed on April 4, 2019. *Id.* at ¶ 25.

> **C.** **The Settlement Provides Appropriate Relief to Settlement Class Members.**

The Settlement's details are contained in the Agreement signed by the parties, a copy of which is attached as Exhibit A. The following summarizes the Agreement's terms:

> **1.** **The Settlement Class**

The Settlement Class is defined as "all persons in the United States who received a prerecorded and/or automated call from Defendant on their cellular telephone that was initiated by Defendant's Noble version 8.02 telephony system between July 1, 2014 and March 19, 2019." Agreement, ¶ 1.35. Subject to confirmatory discovery, Defendant's records reveal that it made call attempts to approximately 212,054 unique cell phone numbers.

> **2.** **Prospective Relief for Settlement Class Members.**

Defendant has agreed to take additional steps agreed to by the parties to reasonably comply going forward with the TCPA, including the maintenance of a do-not-call list. Agreement, ¶ 3.3.

### 3.    Monetary Relief for Settlement Class Members

The Settlement requires Defendant to create a Settlement Fund of $1,750,000.00. Agreement, ¶¶ 1.38, 3.1. Out of this Fund, Settlement Class Members who timely return a valid completed Claim Form will receive a distribution from the Settlement Class Recovery. Agreement, ¶ 4.1. The amount of each Class Member's Award will be based on a *pro rata* distribution, depending on the number of valid and timely claims. Agreement, ¶ 3.4. No amount of the Settlement Fund will revert to Defendant.

While it is not possible to predict the precise amount of each distribution until all claims have been submitted, Class Counsel, based on their experience in similar TCPA class actions, estimate awards of at least $50 after deductions for Court-approved attorneys' fees and costs, Court-approved incentive awards to the Plaintiff, and costs of notice and claims administration. McCue Decl., at ¶ 30. Checks will be sent as soon as practicable but no later than sixty days after the Effective Date. Agreement, ¶ 3.4.

In the event that the combined amounts of any settlement payment checks to Class Members that remain uncashed, a second *pro rata* distribution will be made to all Class Members who made valid and timely claims if doing so is administratively and economically feasible. Agreement, ¶ 3.4.[2]

### 4.    Class Release

In exchange for the benefits allowed under the Settlement, Class Members who do not opt out will provide a release tailored to the practices at issue in this case. Specifically, they will release all claims "arising out of or relating to any calls made to the numbers on the Class List." Agreement, ¶ 5.

---

[2] In the event that it is not administratively and economically feasible to make a second pro rata distribution, the combined amounts of any settlement payment checks to Class Members that remain uncashed will be distributed *cy pres*. *Id.*

## 5.     Settlement Administration and Class Notice

All costs of class notice and claims administration will be paid from the Settlement Fund. The Claims Administrator will be responsible for the following duties: (1) preparing and completing Class Notice; (2) obtaining complete address information for Settlement Class Members, (3) creating, operating, maintaining, and hosting a Settlement Website, (4) acting as a liaison between Settlement Class Members and the Parties; (5) issuing and mailing Benefit Checks; (6) preparing and providing a declaration to for the Court concerning Class Notice; and (7) performing any other tasks reasonably required to effectuate the Settlement.  Agreement, ¶ 13.1.

Within twenty-one (21) days of entry of the Preliminary Approval Order, the Settlement Administrator will mail the Class Notice (Exhibit 4 to the Agreement) to all Class Members. Agreement, ¶ 6.2.b.  Notice will be re-mailed for all Class Members whose emails are returned as undeliverable.  *Id.*

The Settlement Administrator will also establish and maintain a Settlement Website. Agreement, ¶ 6.2.c.  The Settlement Website will provide for online submission of claims and will also include general information such as the Settlement Agreement; the Class Notice; the Complaint; this Motion; the Preliminary Approval Order; the ability for anyone wanting a hard copy Claim Form to request one; and, when filed, the Motion for Attorneys' Fees and the Final Approval Order.  *See id.*

The Settlement Administrator will calculate and distribute the *pro rata* Benefit Checks as soon as practicable but no later than sixty days after the Effective Date to Class Members who submitted valid and timely claims.  Agreement, ¶ 3.4.a.

## 6.     Attorneys' Fees and Costs

Prior to the Final Approval Hearing, Class Counsel will apply to the Court for an award

of attorneys' fees of up to one-third of the Settlement Fund, plus any out-of-pocket costs incurred by Class Counsel in this Action. *See* Agreement, ¶ 13.1. As will be addressed in Class Counsel's motion for attorneys' fees, Seventh Circuit courts commonly award this percentage of settlement common funds or higher as attorneys' fees in cases of this size, and it is appropriate to compensate Class Counsel in this amount for the work they have performed in procuring a settlement for the Class, as well as the work remaining to be performed in documenting the settlement, securing Court approval of the settlement, overseeing settlement implementation and administration, assisting Class Members, and obtaining dismissal of the action. It should be noted, however, that the enforceability of the Settlement is not contingent on Court approval of an award of attorneys' fees or costs. *See id.*

Also prior to the Final Approval Hearing, Plaintiff will ask the Court to award him a service award of $10,000 for the time and effort he personally invested in this Action. *See* Agreement, ¶ 13.2.

**ARGUMENT**

**I.      THE SETTLEMENT WILL LIKELY BE APPROVED AS FAIR, REASONABLE, AND ADEQUATE UNDER RULE 23(e)(2)**

**A.      The Amendments to Rule 23 Reinforce Longstanding Practice in This Circuit Regarding a Court's Role in Initially Evaluating a Proposed Settlement.**

Rule 23, as revised as of December 1, 2018, directs that the Court determine whether it "will be likely" to grant final approval under Rule 23(e)(2) and "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). These recent modifications reflect the longstanding practice in this Circuit of performing "a more summary version" of the final fairness inquiry at the preliminary approval stage. *See, e.g., American Int'l Group, Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 U.S. Dist. LEXIS 84219, at *33 (N.D. Ill. July 26, 2011); *Kessler v. Am. Resorts International's Holiday Network, Ltd.*, Nos. 05 C 5944 & 07 C

2439, 2007 U.S. Dist. LEXIS 84450, at *17 (N.D. Ill. Nov. 14, 2007) ("Although this [fair, reasonable, and adequate] standard and the factors used to measure it are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase.").

The newly amended Rule 23 does not change this fundamental inquiry.  *See* Fed. R. Civ. P. 23(e)(2) advisory committee's note (observing "[c]ourts have generated lists of factors to shed light on" whether a proposed settlement is "fair, reasonable, and adequate," and noting "[t]he goal of this amendment is not to displace any factor").  But the Rule now "focus[es]" the inquiry on "the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal," *id.*—that is, whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  Those factors are satisfied here.

## B.    The "Procedural" Aspects of the Settlement Satisfy Rule 23(e).

Rule 23(e)(2)'s first two factors "look[] to the conduct of the litigation and of the negotiations leading up to the proposed settlement."  Fed. R. Civ. P. 23(e)(2)(A) & (B) advisory committee's note.  Courts may consider "the nature and amount of discovery in this or other cases, or the actual outcomes of other cases, [which] may indicate whether counsel negotiating on behalf of the class had an adequate information base."  *Id.*  This Settlement embodies all the hallmarks of a procedurally fair resolution.

1705723.1

*First*, Plaintiff's settlement posture was informed by almost a year of fact discovery, which included reviewing thousands pages of documents, deposing multiple Rule 30(b)(6) witnesses depositions, and preparing to brief class certification. Plaintiff thus possessed sufficient information about the evidence and prospects of success at trial to negotiate a fair, reasonable, and adequate Settlement.

*Second*, the parties' settlement negotiations were at arm's length, protracted, and facilitated by an experienced mediator. *See* Fed. R. Civ. P. 23(e)(2)(A) & (B) advisory committee's note ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."); *see, e.g., McKinnie v. JP Morgan Chase Bank, N.A.,* 678 F. Supp. 2d 806, 812 (E.D. Wis. 2009) (factors including that the settlement "was achieved after arms-length negotiations facilitated by a mediator. . . suggest that the settlement is fair and merits final approval.").

### C.      The Settlement's Terms Will Likely Be Found Adequate.

Rule 23(e)(2)(C) and (D) direct the Court to evaluate whether "the relief provided for the class is adequate" and "the proposal treats class members equitably relative to each other." *See also Synfuel Techs, Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006) ("The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement.") (internal quotes and citations omitted); *In re AT&T Mobility Wireless Data Servs. Sales Litig*., 270 F.R.D. 330, 347 (N.D. Ill. 2010) ("Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs.") (citations omitted). The relief this Settlement provides is certainly at least "adequate" – indeed, Plaintiff maintains it is considerably better than adequate, given the facts

and circumstances of this case. And the Settlement's terms ensure all Settlement Class Members will be treated equitably.

### 1. The Settlement provides substantial relief, especially in light of the costs, risks, and delay of further litigation.

The Settlement requires Defendant to pay $1,750,000 into a Settlement Fund. The Settlement Fund is non-reversionary, ensuring that the monetary benefits will go to Class Members—no amount of the Settlement Fund will return to Defendant. Thus, the Settlement is a good result for Class Members, particularly because TCPA damages are purely statutory damages, in that Class Members have not suffered any out-of-pocket losses or other economic harm. The Settlement compares favorably to other TCPA class actions settlements. Courts have approved other TCPA class action settlements that achieved much smaller *pro rata* monetary recoveries.[3]

Further, the Settlement comes at a moment of substantial uncertainty in this litigation, with Defendant's motion for partial summary judgment pending, and Plaintiff's class certification motion due on April 3, 2019. Although Plaintiff was confident of his prospect of success, there was a meaningful possibility the Court's rulings would have defeated the class claims. Nevertheless, Plaintiff and the Class would face a number of difficult challenges if the litigation were to continue.

First, Defendant's motion for partial summary judgment would have eliminated all claims based on Defendant's use of an automatic telephone dialing system ("ATDS"). If the Court granted Defendant's motion, the value of Plaintiff's claims would be reduced significantly, if not eliminated entirely.

---

[3] *See, e.g.*, *In re Capital One TCPA Litig.,* 80 F. Supp. 3d 781 (N.D. Ill. 2015) ($4.31 per class member); *Kolinek v. Walgreen Co.,* 311 F.R.D. 483, 493 (N.D. Ill. 2015) ($1.20 per class member).

1705723.1

Second, while Plaintiff continues to believe that class certification would be achievable, Defendant has consistently argued that class certification would be inappropriate. Indeed, this Court recently denied certification of a proposed TCPA class alleging similar claims. *See, e.g., Balschmiter v. TD Auto Finance, LLC,* 303 F.R.D. 508, 524-525 (E.D. Wisc. 2014). Plaintiff has argued that *Balschmiter* is not controlling following the Seventh Circuit's decision in *Mullins v. Direct Digital, LLC* after *Balschmiter.* 795 F.3d 654, 659-60 & n.1 (7th Cir. 2015) ("We granted the Rule 23(f) petition primarily to address the developing law of ascertainability, including among district courts within this circuit.") (citing *Balschmiter*). But, the fact remains that Plaintiff faced serious risk at class certification, as "[c]ourts are split on whether the issue of individualized consent renders a TCPA class uncertifiable on predominance and ascertainability grounds, with the outcome depending on the specific facts of each case." *Chapman v. First Index, Inc*., No. 09 C 5555, 2014 U.S. Dist. LEXIS 27556, at *6-7 (N.D. Ill. March 4, 2014) (citing cases). If Defendant were able to present convincing facts to support its position, there is a risk that the Court would decline to certify the class, leaving only the named Plaintiff to pursue his individual claims. Indeed, Plaintiff was only three weeks away from filing a class certification brief at the time the parties mediated.

Third, at least some courts view awards of aggregate, statutory damages with skepticism and reduce such awards—even after a plaintiff has prevailed on the merits—on due process grounds. *See, e.g., Aliano v. Joe Caputo & Sons - Algonquin, Inc.,* No. 09 C 910, 2011 U.S. Dist. LEXIS 48323 (N.D. Ill. May 5, 2011) ("[T]he Court cannot fathom how the minimum statutory damages award for willful FACTA violations in this case — between $100 and $1,000 per violation — would not violate Defendant's due process rights . . . . Such an award, although authorized by statute, would be shocking, grossly excessive, and punitive in nature."); *but see*

1705723.1

*Phillips Randolph Enters., LLC v. Rice Fields*, No. 06 C 4968, 2007 U.S. Dist. LEXIS 3027, at

*7-8 (N.D. Ill. Jan. 11, 2007) ("Contrary to [defendant's] implicit position, the Due Process

clause of the 5th Amendment does not impose upon Congress an obligation to make illegal

behavior affordable, particularly for multiple violations.").

Finally, there is always the risk of losing a jury trial. And, even if Plaintiff did prevail at

trial, any judgment could be reversed on appeal.

The Settlement provides substantial relief to Class Members without delay, particularly in

light of the above risks that Class Members would face in litigation.

### 2. The Settlement is an effective and equitable means of distributing relief to the Settlement Class.

The Court must also ultimately assess the Settlement's effectiveness in distributing relief

to the Settlement Class. Fed. R. Civ. P. 23(e)(2)(C)(ii). Here, too, the Court can readily find the

Settlement will likely earn approval. The Settlement provides for a straightforward and effective

means of distributing the Net Settlement Fund to the Settlement Class, and treats Settlement

Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

As detailed above, the Settlement provides for a *pro rata* distribution to Class Members

who submit a timely and valid claim form. The Settlement thus has a rational, equitable basis.

*See* Fed. R. Civ. P. 23(e)(2)(C) & (D) advisory committee's note (identifying, among potential

"[m]atters of concern," whether "the scope of the release may affect class members in different

ways that bear on the apportionment of relief").

### 3. The anticipated request for attorneys' fees poses no hurdle to finding the Settlement adequate.

Nothing about Plaintiff's Counsel's anticipated request for attorneys' fees—consisting of

no more than one-third of the $1,750,000 settlement amount—should prevent notice from

issuing. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii). The fee request will fall well within the range of

requests for similar settlements, and will befit the substantial risks Plaintiff's Counsel undertook in pursuing these claims, their efforts on behalf of the Settlement Class, and the resolution they have achieved.[4]  Further, Settlement Class Members will have ample opportunity to weigh in on the proposed fee request before the Final Approval Hearing.

**4.  Plaintiff has identified all agreements made in connection with the Settlement.**

Plaintiff has filed, along with this brief, a copy of the Settlement Agreement that details the terms of the Settlement.  That Settlement Agreement contains all agreements made in connection with the Settlement.

## II.  THE PROPOSED SETTLEMENT CLASS WILL LIKELY BE CERTIFIED

The Settlement is conditioned on the certification of a Settlement Class defined as "all persons in the United States who received a prerecorded and/or automated call from Defendant on their cellular telephone that was initiated by Defendant's Noble version 8.02 telephony system between July 1, 2014 and March 19, 2019."  Agreement, ¶ 1.35.  The parties have stipulated, solely for the purposes of the Settlement and subject to the Court's approval, to certification of the Settlement Class, appointment of Plaintiff as Settlement Class representative, and appointment of Plaintiff's Counsel as Class Counsel.

Notably, in applying Rule 23 in the settlement context, the Court "need not inquire whether the case, if tried, would present intractable management problems"—a prerequisite to certification of a litigation class—"for the proposal is that there be no trial."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Further, merits questions "may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23

---

[4] *Cf., e.g., In re Capital One*, 80 F. Supp. 3d 781 (awarding 36% of the first $10 million of the fund) (Holderman, J.); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 501 (N.D. Ill. 2015) (awarding 36% of net settlement fund) (Kennelly, J.).

prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). In accordance with those principles, the record amply demonstrates (1) Rule 23(a)'s elements—numerosity, commonality, typicality, and adequacy—are satisfied; and (2) as prescribed by Rule 23(b)(3), common questions of law or fact predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to any alternative method of litigating these claims.

A. **Each of Rule 23(a)'s Prerequisites Will Be Satisfied.**

1. **The proposed Settlement Class is sufficiently numerous.**

The numerosity requirement of Rule 23(a) is satisfied because the Class consists of approximately 212,054 persons throughout the United States, and joinder of all such persons is impracticable. *See McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill. 2002) (a class of forty or more is generally sufficient to establish numerosity).

2. **Questions of law and fact are common to Settlement Class Members.**

The commonality requirement is satisfied because there are many questions of law and fact common to the Settlement Class that center on Defendant's common practice of using an automated dialing system to call Class Members on their cell phones. *See Parker v. Risk Mgmt. Alternatives, Inc*., 206 F.R.D. 211, 213 (N.D. Ill. 2002) ("[A] common nucleus of operative fact is usually enough to satisfy the [commonality] requirement."); *G.M. Sign, Inc. v. Finish Thompson, Inc*., No. 07 C 5953, 2009 U.S. Dist. LEXIS 73869, at *12 (N.D. Ill. Aug. 20, 2009) (finding the following common questions: "1) whether Defendant violated the TCPA by faxing advertisements without first obtaining express invitation or permission to do so; 2) whether Plaintiff and other class members are entitled to statutory damages; and 3) whether Defendants acts were 'willful' or 'knowing' under the TCPA and, if so, whether Plaintiff and other class members are entitled to trebled damages.").

### 3. The proposed Settlement Class representatives' claims are typical.

The typicality requirement is satisfied because Plaintiff's TCPA claims, which are based on Defendant's systematic use of automated calls to cell phones, arise out of the same "event, practice or course of conduct that gives rise to the claim[s] of the other class members" and "are based on the same legal theory." *Parker*, 206 F.R.D. at 213.

### 4. The proposed Settlement Class representatives and Class Counsel will fairly and adequately protect the Settlement Class's interests.

The adequacy of representation requirement is satisfied because Plaintiff's interests are coextensive with, and not antagonistic to, the interests of the Settlement Class. *See G.M. Sign,* 2009 U.S. Dist. LEXIS 73869, at *15-16. Additionally, in determining whether to appoint Plaintiff's Counsel as Class Counsel for purposes of the Settlement, the Court must examine:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Each of those prerequisites is readily satisfied.

Plaintiff's Counsel have prosecuted this case vigorously and have extensive experience litigating TCPA class actions cases. *See* McCue Decl., ¶¶ 4-19 & 32-43; Declaration of Matthew R. Wilson, ¶¶ 2-9; Declaration of Alexander H. Burke, ¶¶ 2-12; Declaration of Daniel M. Hutchinson, ¶¶ 8 & 14; Declaration of Stefan Coleman, ¶¶ 2-9. They have thus demonstrated they are well able to serve the Settlement Class's interests.

### B. Rule 23(b)(3)'s Predominance and Superiority Requirements Will Be Satisfied.

### 1.    Common issues predominate over any individual ones.

Predominance does not turn on "whether there are more common issues or more individual issues, regardless of relative importance"; rather, "[a]n issue central to the validity of each one of the claims in a class action, if it can be resolved in one stroke, can justify class treatment." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (Posner, J.).  The predominance requirement of Rule 23(b)(3) is satisfied because common questions present a significant aspect of the case and can be resolved for all Settlement Class members in a single adjudication.  Common issues predominate here because the claims of the class members arise from Defendant's alleged common practice of using an automated dialing system to contact consumers on their cell phones without their consent.  *See Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 U.S. Dist. LEXIS 41766, at *13 (N.D. Ill. May 27, 2008) (finding common issues such as "how numbers were generated from Defendant's database and whether Defendant's actions . . .  violated the TCPA" to predominate, and that the issue of consent might be resolved through common proof such as "the source of the numbers" and "how Defendant selected who was to receive the [] faxes.").

### 2.    <u>A class action is superior to thousands of individual actions.</u>

Resolution of thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication.  *See Sadowski*, 2008 U.S. Dist. LEXIS 41766, at *14 (quoting *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 303 (N.D. Ill. 2005)) ("In consumer actions involving small individual claims, such as this one, class treatment is often appropriate because each member's damages 'may be too insignificant to provide class members with incentive to pursue a claim individually.'").

### III.    THE PROPOSED FORMS AND MANNER OF NOTICE COMPLY WITH RULE 23 AND DUE PROCESS

The polestar for assessing the adequacy of notice, whether through the lens of Rule 23 or constitutional due process, is "reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 114 (2d Cir. 2005). Reasonableness is, in turn, "a function of anticipated results, costs, and amount involved." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977). Both the manner of dissemination and the forms of the notice proposed here aim to ensure "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

**A.      The Proposed Combination of Individual Mailed Notice and a Settlement Website Is Reasonably Directed to Apprising Settlement Class Members of Their Rights.**

To ensure notice is sufficiently disseminated to Settlement Class Members, Plaintiff proposes a two-pronged approach, consisting of (1) individual notice "to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B); and (2) a universally accessible Settlement website.

Plaintiff will coordinate with Defendant to obtain the Class List and all available contact information. In addition, the Settlement Administrator will perform a reverse append process to identify the owners of the cell phones contained on the Class List. The Settlement Administrator will mail notice individually to Settlement Class Members, in the form of a postcard, which will allow those recipients to access the claim form through the Settlement website. *See also, e.g.*, *Edwards v. N. Am. Power & Gas, LLC*, 2018 WL 3715273, at *5 (D. Conn. Aug. 3, 2018) (approving notice by postcard directing class members to website). The Class Notice will also provide general information regarding the Settlement and Settlement Class Members' rights in connection with it, and direct recipients to the Settlement website for additional information.

**B.      The Proposed Notice Clearly and Concisely Informs Settlement Class Members About the Settlement's Terms and Their Rights.**

The content of the Notice has been drafted to "be understood by the average class

member," *Wal-Mart Stores*, 396 F.3d at 114, and informs Settlement Class Members of all pertinent aspects of the Settlement. Specifically, it states—in plain, easily understood language—(1) the nature of the lawsuit; (2) the definition of the Settlement Class; (3) a description of the terms of the Settlement, including information about how to receive payment from the Settlement Fund; (4) that the Court will exclude from the Settlement Class any Settlement Class Member who timely and validly requests exclusion; (5) the time and manner for requesting exclusion; (6) the right of any Settlement Class Member to object to any aspect of the Settlement; (7) the time and manner for objecting; (8) the binding effect of the Settlement on Settlement Class Members who do not elect to be excluded; and (9) the date and time of the Final Approval Hearing. *See* Fed. R. Civ. P. 23(c)(2)(B).

The Notice also advises Settlement Class Members that Plaintiff's Counsel will apply to the Court for an award of up to one-third of the Settlement Fund, reimbursement of Litigation Expenses, and a Service Award for the Named Plaintiff not to exceed $10,000, for the effort, time, and expense he devoted to the litigation. The Notice is thus "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). It should be approved.

**CONCLUSION**

Plaintiff requests that the Court enter an order, substantially in the form of the proposed Order submitted with this motion, (1) directing that notice be provided to the Settlement Class in the forms and manner proposed by Plaintiff; (2) appointing Plaintiff as class representative for the proposed Settlement Class for purposes of disseminating notice, (3) appointing Plaintiff's Counsel as Class Counsel for the proposed Settlement Class; (4) authorizing the retention of KCC as Claims Administrator; and (5) scheduling a Final Approval Hearing.

1705723.1

Dated this 4th day of April, 2019.

Respectfully submitted,

By: */s/ Daniel M. Hutchinson*

MEYER WILSON CO., LPA
Michael J. Boyle, Jr.
Email: mboyle@meyerwilson.com
Matthew R. Wilson
Email: mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

BURKE LAW OFFICES, LLC
Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
155 N. Michigan Avenue, Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

BRODERICK & PARONICH, P.C.
Edward A. Broderick

Email:  ted@broderick-law.com
125 Summer St., Suite 1030
Boston, MA 02360
Telephone:  (508) 221-1510

LAW OFFICE OF MATTHEW MCCUE
Matthew McCue
Email: mmccue@massattorneys.net
1 South Ave, Suite 3
Natick, MA 01760
Telephone:  (508) 655-1415

THE LAW OFFICE OF STEFAN COLEMAN,
P.A.
Stefan Coleman
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone:  (877) 333-9427
Facsimile:  (888) 498-8248
Email:  Law@stefancoleman.com

*Attorneys for Plaintiff and the Proposed
Settlement Class*