# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FRANCIS WOODROW, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>FISERV AUTOMOTIVE SOLUTIONS, LLC,<br><br>     Defendant. | Case No. 18-CV-1054-JPS<br><br>**ORDER** |

  On July 10, 2018, Plaintiff filed a complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Docket #1). On April 4, 2019, Plaintiff submitted a motion for preliminary approval of settlement. (Docket #34).[1] On April 23, 2019, Defendants submitted a response indicating that they did not oppose the motion. (Docket #36).

  After reviewing the parties' motion and settlement agreement, the Court finds that the proposed settlement is "fair, adequate, and reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (citation and quotations omitted). At this stage, all of these factors weigh in favor of finding a fair settlement. For example, the parties have reached a settlement for a substantial sum of $1,750,000.00 to be distributed among the anticipated class members on a pro rata basis.

---

[1] The parties also submitted a joint motion to substitute parties, in which they agreed to substitute Sagent Auto LLC d/b/a Sagent Lending Technologies for Fiserv Automotive Solutions, LLC as the defendant in this action. (Docket #32). The parties explain that this is due to Fiserv Automotive Solutions, LLC's recent name change. The Court will grant this motion.

(Docket #34 at 9). The litigation has been vigorous, proceeding through discovery to the dispositive motion stage. *Id.* at 6–7. Finally, the settlement was reached in arm's length negotiation and has not, up to this point, been objected to by anyone. *Id.* at 7–8. The Court thus finds no barrier to preliminary approval of the parties' settlement.

The Court will therefore grant Plaintiff's motion and incorporate their proposed order, which will manage the settlement process and ultimately conclude this litigation.

Accordingly,

**IT IS ORDERED** that the parties' joint motion to substitute parties (Docket #32) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Sagent Auto LLC d/b/a Sagent Lending Technologies be and the same is hereby **SUBSTITUTED** for Fiserv Automotive Solutions, LLC as the defendant in this action;

**IT IS FURTHER ORDERED** that the parties' joint motion for preliminary approval of the settlement class and settlement agreement (Docket #34) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' settlement agreement (Docket #34-1) be and the same is hereby preliminarily **APPROVED**;

**IT IS FURTHER ORDERED** that all pending dates and deadlines of the trial scheduling order (Docket #13) be and the same are hereby **STAYED** until further order from the Court; and

**IT IS FURTHER ORDERED** that:

**1.     Jurisdiction**

1.1     The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**2.	Class Representative and Class Counsel**

2.1	The Court preliminarily appoints Plaintiff Francis Woodrow as Class Representative.

2.2	Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

Matthew R. Wilson
Michael J. Boyle
MEYER WILSON CO., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000

Alex Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Avenue, Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288

Daniel M. Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
San Francisco, California 94111-3339
Telephone: (415) 956-1000

Edward Broderick
BRODERICK LAW, P.C.
125 Summer St., Suite 1030
Boston, MA 02360
Telephone: (508) 221-1510

Matthew McCue
LAW OFFICE OF MATTHEW MCCUE
1 South Ave, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415

Stefan Coleman
THE LAW OFFICE OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone: (877) 333-9427

**3.     Rule 23 Requirements**

3.1.    The Court preliminarily finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately represent the interests of the Settlement Class Members.

3.2.    The Court further preliminarily finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**4.     Preliminary Approval of the Settlement**

4.1    Pursuant to the Settlement Agreement, the Defendant has agreed to pay $1,750,000.00 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, the costs of notice and administration are deducted, and any other expenditure authorized by the Court.

4.2     Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

**5.     Notice and Administration**

5.1     The Court appoints Kurtzman Carson Consultants, LLC ("KCC") to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

5.2     The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

5.3     The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before Tuesday, May 28, 2019. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

5.4 All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**6. Claims and Exclusions**

6.1 Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

6.2 A member of the Settlement Class wishing to file a claim or to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than Monday, July 29, 2019 by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, telephone numbers, and last four Social Security number digits. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

6.3	Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

6.4	All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

6.5	The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

**7.	Objections**

7.1	Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative must submit to Class Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing. The Court will

consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before Monday, July 29, 2019, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

  7.2  A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

  7.3  Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**8.     Application for an Award of Attorneys' Fees, Costs and an Incentive Award.**

8.1     Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed on or before Thursday, June 6, 2019.

**9.     Final Approval Hearing**

9.1     A Final Approval Hearing will be held before the Court on Thursday, September 19, 2019 at 8:30 AM for the following purposes:

- (a)    to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;
- (b)    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;
- (c)    to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;
- (d)    to consider the application for an award of attorneys' fees and expenses of Class Counsel;
- (e)    to consider the application for a compensation award to the Class Representative;
- (f)    to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and
- (g)    to rule upon such other matters as the Court may deem appropriate.

9.2     On or before ten (10) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval.

9.3 The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

9.4 For clarity, the deadlines the Parties shall adhere to are as follows:

Class Notice completed by: Tuesday, May 28, 2019

Incentive Award and Fee Application: Thursday, June 6, 2019

Objection/Exclusion Deadline: Monday, July 29, 2019

Claim Deadline: Monday, July 29, 2019

Final Approval Submissions: Tuesday, September 10, 2019

Final Approval Hearing: Thursday, September 19, 2019 at 8:30 AM

9.5 Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**10. Further Matters**

10.1 All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

10.2 In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and

shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

10.3 The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge