# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANCIS WOODROW,

                    Plaintiff,

v.                                                    Case No. 18-CV-1054-JPS

SAGENT AUTO LLC d/b/a SAGENT
LENDING TECHNOLOGIES,                                 **ORDER**

                    Defendant.

On May 7, 2019, the Court entered an order in the above-captioned case that preliminarily approved the parties' settlement agreement for Plaintiff's claims of violations of the Telephone Consumer Protection Act ("TCPA"). (Docket #37). Pursuant to the terms of the settlement agreement, Plaintiff submitted a motion for attorneys' fees. (Docket #38). Plaintiff requests an award of $583,333.33, which represents one third of the $1,750,000.00 settlement fund; litigation expenses of $23,714.00; and an incentive award for the Plaintiff in the amount of $10,000.00. *Id.* Plaintiff has provided a lengthy brief in support of the request, as well as declarations from attorneys who worked on the case in support of the fee and the relevant expenses. (Docket #39). Defendant does not oppose this motion. (Docket #40).

It is well-settled that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In consumer class actions such as this one, the Seventh Circuit approves of contingency fees calculated based on a percentage of

the benefit conferred on the class. *Gaskill v. Gordon*, 160 F.3d 361, 362–63 (7th Cir. 1998); *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994) (holding that "the decision whether to use a percentage method or a lodestar method remains in the discretion of the district court."). Courts assessing the reasonableness of a fee should consider what percentage of the common fund the fee represents. *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (holding that "the ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received."). Fees up to one-third of the common fund are presumed to be reasonable. *See Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014) (suggesting that fees as high as one-half might be reasonable under certain circumstances). In this circuit, contingency fees of up to 40% are common. *Gaskill*, 160 F.3d at 362–63 (affirming attorneys' fee of 38% of a common fund); *see also Kirchoff v. Flynn*, 786 F.2d 320, 328 (7th Cir. 1986) (approving a contingency fee of 40%). Finally, because the policy supporting contingency fees is to encourage attorneys to take meritorious cases at the risk of non-payment, "[t]he greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel." *Silverman v. Motorola Sol., Inc.*, 739 F.3d 956, 958 (7th Cir. 2013).

Plaintiff's attorneys' fee is one-third of the common fund, plus litigation costs, and is therefore presumptively reasonable and aligned with this circuit's market rate for similar litigation. *See e.g.* (Docket #39-1 at 18) (copy of final order in *Martin v. Dun & Bradstreet, Inc.*, Case No. 1:12-cv-215 (N.D. Ill. Jan. 16, 2014), a TCPA case where contingency fees were awarded in excess of 36% of the common fund). Plaintiff's attorneys explain that the attorneys' fee encapsulates a year of litigation by several highly qualified

attorneys, which included multi-party discovery, an all-day mediation, and weeks of negotiations. (Docket #39 at 8). With regard to the degree of risk that they would walk away empty-handed, Plaintiff's attorneys point out that plaintiffs in TCPA cases are not always unsuccessful. *See e.g.*, *Jamison v. First Cred. Servs.*, 290 F.R.D. 92, 109 (N.D. Ill. 2013) (denying class certification in TCPA case). In this case, Defendant's motion for partial summary judgment highlights the risk of loss. (Docket #24). In light of the foregoing, the Court is satisfied that Plaintiff's attorneys' fee and costs are reasonable. Similarly, Plaintiff's request for a $10,000.00 incentive fee will be approved to remunerate his time, efforts, and diligence in facilitating the litigation for the benefit of the class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming a $25,000.00 incentive award).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Docket #38) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's attorneys are awarded a fee of $583,333.33; litigation expenses of $23,714.00; and an incentive award for the Plaintiff in the amount of $10,000.00.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge