# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

FRANCIS WOODROW, *on behalf of himself and others similarly situated*,

        Plaintiff,

v.

SAGENT AUTO, LLC, *doing business as* SAGENT LENDING TECHNOLOGIES,

        Defendant.

Case No. 18-CV-1054-JPS

**ORDER**

---

On May 7, 2019, this Court issued a preliminary approval order approving the settlement of this Telephone Consumer Protection Act ("TCPA") case. (Docket #37). That order adopted the parties' proposed order, which guided the settlement process. *Id.* at 2. On September 10, 2019, Plaintiff submitted a motion for final approval of class action settlement. (Docket #44). That same day, Defendant submitted a notice of non-opposition to the motion. (Docket #45).

On September 19, 2019, the parties attended a fairness hearing. The Court, having reviewed the parties' submissions and hearing no reason not to approve the settlement, stated that it would administratively close the case pending the entry of final judgment. (Docket #46). The Court then ordered the parties to submit a proposed final order, *id.*, which they did, to the Court's satisfaction.

Accordingly,

**IT IS ORDERED** that Plaintiff's unopposed motion for final approval of class action settlement, (Docket #44), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Docket #24) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that:

**1.     Jurisdiction**

1.1     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

**2.     Class Definition**

2.1     Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Class," consisting of all persons within the United States who received a telephone call from Defendant on their cellular telephone that was initiated by Defendant's Noble version 8.02 telephony system between July 1, 2014 and March 19, 2019.

**3.     Class Representative and Class Counsel**

3.1     Under Federal Rule of Civil Procedure 23, Francis Woodrow is hereby appointed as Class Representative.

3.2     The following are hereby appointed as Class Counsel:

Matthew R. Wilson
Michael J. Boyle
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 224-6000

Alex Burke
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois  60601
Telephone: (312) 729-5288

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

Daniel M. Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000

Edward Broderick
BRODERICK LAW, P.C.
125 Summer Street, Suite 1030
Boston, Massachusetts 02360
Telephone: (508) 221-1510

Matthew McCue
LAW OFFICE OF MATTHEW MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415

Stefan Coleman
THE LAW OFFICE OF STEFAN COLEMAN, P.A.
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427

**4.     Rule 23 Requirements**

4.1     Pursuant to Rule 23(a) Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

4.2     Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  **Notice and Opt-outs.**

    5.1   The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

    5.2   The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

    5.3   All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. Only one person has submitted a notice seeking exclusion from the Settlement Class; the Court herewith accepts Plaintiff's submission as to this one person who has made a timely and valid request for exclusion. (Docket #44-1 ¶ 14; *Id.* at 24–25).

6.  **Final Approval of the Settlement.**

    6.1   Pursuant to the Settlement Agreement, the Defendant has agreed to pay $1,750,000.00 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted.

    6.2   The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda, and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. The Court has not received any objections from any person regarding the Settlement. The Court held a

hearing on September 19, 2019, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on May 28, 2019, and that ninety (90) days passed without comment or objection from any governmental entity.

6.3 The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6.4 The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

6.5 In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

6.6 The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be

deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

6.7 The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

6.8 On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

6.9 The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

6.10 Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and

monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

6.11 Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge